## SUPREME JUDICIAL COURT,

#### FOR THE COUNTY OF

## KENNEBEC.

### *MAY TERM,*

### 1825.

## KEITH *vs.* REYNOLDS.

Where a tract of land was granted fronting on a brook, and extending back *by a given course,* two miles; it was held that by this description each side line should be two miles in length; and that the rear line must be parallel with the front.

Where a parcel of land is conveyed as being the whole of a certain farm, which is afterwards described in the deed by courses and distances which do not include the whole farm; so much of this description will be rejected, as that the whole may pass.

In this case, which was an action of trespass *quare clausum fregit,* the question arose upon the construction of the plaintiff's title deed, and the consequent location of the dividing line between his land and that of the defendant. By this deed one *Breed Newell* conveyed to the plaintiff " a certain tract of land, " or farm, lying in *Winslow,* it being included in that tract which " was granted by the *Plymouth* company to *Gamaliel Bradford,* " Esq. and five others, and which was granted by the proprietors " of the above said tract to *Ezekiel Pattee,* Esq. and lately own- " ed by *John Bran;* said farm is bounded as followeth;—begin- " ning on the easterly side of the mile brook so called, and thence " on an easterly course parallel to" a certain line described, " one mile; thence northerly at right angles fifty rods; thence

" westerly, parallel with the first side line, until it comes to said " mile brook; thence southerly, by said brook, fifty rods, to the " first mentioned bounds; containing one hundred acres."

The defendant proved that an admeasurement from the brook eastward, by the courses and distances mentioned in the deed to the plaintiff, would not include the land on which the trespass was said to have been committed. And it appeared from a plan referred to in a deed from *Henry Warren* to *Paul Bailey*, under whom the defendant claimed, his land being bounded westerly by the plaintiff's land, that the brook did not run at right angles with the side lines of the lot, but passed somewhat obliquely; and that the south side line, as described in the plaintiff's deed, would be the longest.

It also appeared that by running the end line, opposite to the brook, at right angles with the side lines, and making allowance for the oblique direction, so that the whole lot should average one mile from the brook, the *locus in quo* would not be included in the plaintiff's lot.

The plaintiff then proved that the proprietors of *Winslow* granted to *Ezekiel Pattee* " the westerly half of a tract of land, " extending from the mile brook two miles eastward;"—and that the lot thus granted to *Pattee* was the same now owned by the plaintiff.

Hereupon the jury were instructed by *Weston* J. before whom the cause was tried, that the plaintiff was entitled to all the land granted to *Pattee*, though it would embrace somewhat more than would be included in the lot by an admeasurement according to the particular courses and distances given in the plaintiff's deed; and that by the true construction of the grant to *Pattee*, the rear or easterly line of the lot ought to be extended as far as it could be extended eastward, taking care that no part of the east line should be more than a mile from some part of the westerly line of the lot as bounded on the brook. And they returned a verdict for the plaintiff, which was taken subject to the opinion of the Court whether they were properly instructed or not.

*Allen*, for the defendant. The parties having given a specific description of the land conveyed in the deed, this is to be adopt-

ed in preference to another, more general and uncertain. Though the description contained in another deed may be taken, by reference, as part of deed referring to it; yet such reference ought to be plain and explicit, and such as to shew evidently that the parties had that deed before them. And the cases in which a separate deed is thus adopted as part of one subsequently made, are where no courses or monuments are given, or where they are imperfectly stated, and the prior deed is referred to for a more particular description. But if such courses and monuments are given in the deed, it is rendered evident that the parties had these in view, and had been upon the land. This therefore should be taken as evidence of their intent; rather than the general allusions to the grant from the proprietors to *Pattee,* which must here be treated as mere recital by the grantor, designating the general tract by the name of its former owner, but not adopting its boundaries, the deed not being in his possession.

If the plaintiff's claim be supported, then he would hold all the land which belonged to *Pattee,* though it should exceed, to any extent, the limits expressly given in his deed;—and if it should prove to be but half as large as the tract thus clearly and expressly defined, he would have no remedy on his covenants. Either of these consequences shew the construction contended for to be extravagant.

The rule of construction of deeds requires that all the parts of the description be retained, if they can stand together. Upon this principle the plaintiff can be confined to the distance expressed in his deed, and yet no part of it be rejected. The tract thus bounded and thus limited *will be* land conveyed to *Pattee,* and by him to *Bran,* and by him to the plaintiff; for it is not said, in the deed, to be *all* the tract, nor the *same* tract which belonged to *Pattee;* but only to have once been his land. But if the particular description in *Pattee's* deed be adopted as designating the bounds of the land conveyed to the plaintiff, then every part of the plaintiff's deed, inconsistent with that description, must be rejected.

But if the description in *Pattee's* deed be adopted as controlling the limits expressed in the conveyance to the plaintiff; yet by a reasonable construction the *locus in quo* will not be included.

For this is not a case of construction of the exterior bounds of a public grant, as in *Winthrop v. Curtis* [*ante p.* 110,] but is merely the subdivision of a lot between two owners; in which case, the rear line of a lot fronting a river, being expressly stated to be at right angles with the side lines, as is invariably the construction when not so expressed, is to be removed back, if no monument be designated, till the quantity intended to be granted is completed.

*R. Williams,* for the plaintiff, argued from the words of the deed, that it contained a plain and distinct adoption, by reference, of the boundaries contained in *Pattee's* grant from the proprietors; and it shewed that in the contemplation of the parties, that tract, and the land conveyed to the plaintiff, were identically the same. If the two descriptions do not thus coincide, the grantee is entitled to hold by that which will give him the most land and the greatest estate.  *Jackson v. Blodget* 16 *Johns.* 172.

As to the extent from the brook eastward, he considered the rule as settled by the case of *Winthrop v. Curtis*; by which the eastern boundary would be carried back one mile from any part of the brook.  And by this rule the plaintiff and defendant would take the original two-mile-lot, in equal moieties.

MELLEN C. J. delivered the opinion of the Court.

This case presents two questions.—1. Does the *locus in quo* fall within the true limits of the tract of land granted by the proprietors of *Winslow* to *Ezekiel Pattee* ?   2. If it does, is it embraced and conveyed to the plaintiff by the deed of *Breed Newell* ?

The proprietors granted to *Pattee* the westerly half of a tract of land, extending from the mile brook eastward two miles, and fifty rods in width.   By a plan exhibited it appears that the brook is not at right angles with the side lines of the lot; and the first question is, how the easterly end line is to be run across the lot; whether at right angles with the side lines of the lot; or so as to conform to, and be parallel with the oblique course of the brook. If in the former manner, then the *locus in quo* will not be included in *Pattee's* grant; if in the latter manner; then, it will be included.   We are satisfied that the easterly end lines across the westerly and easterly half of the two mile grant, must be run on

the same principles and in the same manner, so that both halves will be of the same form.   And from the language of the grant, we are of opinion that those lines must not be at right angles with the side lines, but conforming to, and parallel with, the course of the brook; and thus the *locus in quo* is embraced within the limits of the *Pattee* grant.   And if upon the principles of fair and sound construction the *locus in quo* is also found to be within the tract conveyed to the plaintiff by *Newell's* deed, we should not disturb the verdict, even if the language of the Judge in his instructions to the jury, was not perfectly distinct and precise; which, however, is not admitted, as the course of the admeasurement must be considered as implied in his instructions, as to the mode of ascertaining the true position of the easterly end line across the lot.   It is said he used the same language which was employed by him in delivering the opinion of the Court in the case of *Winthrop v. Curtis,* when speaking of the true mode of settling the exterior lines of the *Plymouth patent.*  We do not, however, consider the cases as similar.   In that case, by the terms of the deeds of conveyance to the proprietors of the *Kennebec* purchase, the exterior lines on each side of *Kennebec* river were to be in all places fifteen miles distant therefrom; but such distance was not required to be measured on any particular given course; for if such had been the case, then if the river be considered as running due south, and the distance should be measured on a west and by north, or west-north-west course, it is very clear that the end of the line so measured, would be considerably less than fifteen miles distant from the river.   But in the case before us, the *course* of the side lines of the grant to *Pattee* is given; and it is admitted that such course is not at right angles with the brook; but extends easterly from it in an oblique direction; and so the grantee, *Pattee,* had a right to extend his lot easterly to the length of one mile from the brook on each side of the lot; without any reference to the distance of the easterly end of it from other parts of the brook, measuring in the nearest possible direction.   We are therefore, as we before said, of opinion that the *locus in quo* is within the grant to *Pattee.*

The second question is whether it is also within the tract or farm conveyed by *Newell* to the plaintiff.  Here it is important to attend

to the language of *Newell's* deed. There is a want of accuracy, and indeed a repugnance, in some parts of this language. We must gather the intention of the parties from the whole of the descriptive language used. It is contended that all that part of the deed in which reference is made to the grant of the *Plymouth* company to *Bradford* and others, and the grant of the proprietors of *Winslow* to *Pattee*, are merely matter of recital, and of course cannot be taken into consideration in ascertaining the true extent and boundaries of the plaintiff's land. We cannot accede to this position. We consider all the above particulars as parts of the description of the land conveyed; and some of them very important parts. In this deed *Newell* describes the premises conveyed as " a certain tract of land or farm"—included in the tract granted to *Bradford* and others—" and which was granted by the " proprietors of the above said tract to *Ezekiel Pattee*, Esq."— and it is then stated " said farm is bounded as followeth"—and yet in the description of the lines and courses, the course of the easterly end line is stated to be at right angles with the side lines of the lot. Such a line contradicts that part of the description in which it is declared to be the same farm granted to *Pattee*; and will restrict the deed so that it would convey only *a part* of said farm, and leave a small triangle at the easterly end, contrary to his declared intention. Certain monuments govern courses and distances which are less certain.

We think that upon the true construction of *Newell's* deed, it must be considered as embracing the *locus in quo*; and of course, the instructions of the Judge to the jury were correct, and there must be judgment on the verdict.